## HARRISON H. VOORHEES v. BOROUGH OF ANGLESEA ET AL.

Submitted December 11, 1906—Decided February 25, 1907.

Under the tax laws, since the revision of 1903 and prior to the act of 1906 (*Pamph. L.,* p. 14), a borough collector was without power to sell land for taxes after he had ceased to hold the office of collector.

---

On *certiorari.*

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

*Harrison H. Voorhees, pro se.*

For the defendant, *J. Spicer Leaming.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutor seeks to set aside a sale of land for taxes. The objections urged to the sale in the prosecutor's brief are the failure of the borough clerk to certify to the collector the amount required to be paid to redeem the land from a tax sale which had been made to the borough, and because the borough collector had resigned more than a month prior to the sale of the land by him.

The argument on behalf of the borough is that a warrant for the sale of the land had been issued to the collector prior to his resignation of his office, and it is assumed that he had authority to execute that warrant.

In answer to the objection that the clerk failed to certify as required by the fifty-third section of the Revised Tax act (*Pamph. L.* 1903, *p.* 428), it is said that the collector at the time of the sale was himself the clerk, and that it would be an idle form for him to make a certificate to himself.

The serious difficulty which we find in the case is the fact that the term of the collector had expired by resignation prior to the sale. Under the act of 1879 and the supplements thereto, a warrant was required to be issued to the collector, and he was authorized to continue proceedings to the end in case his term expired before he had completed his duty under the warrant (*Gen. Stat., p.* 3353, *pl.* 331; *Gen. Stat., p.* 3357, *pl.* 359), but these acts were repealed by the act of 1903 (*Pamph. L., pp.* 436, 439, 440), and the Revised Tax act provided for a more simple procedure without warrant (*Pamph. L.* 1903, *p.* 427, § 51) ; and it omits the provision authorizing the collector to continue his proceedings after his term of office had expired. It was not until 1906 that the successor of the collector in such cases was authorized to execute and perform the powers and duties devolving upon the office. *Pamph. L.* 1906, *p.* 14. We find no other statutory authority, and this act is inapplicable since it was not approved until after the sale in the present case. The proceedings are therefore defective and must be set aside.

No question is raised as to the validity of the assessment itself, and the taxes are justly due; the sale must therefore be set aside on condition that the amount due shall be paid to the holder of the tax lien. *Pamph. L.* 1903, *p.* 433, § 60. This will include all the costs properly incurred, but not the cost of the tax warrant to the collector or the proceedings thereunder.

The prosecutor is entitled to the costs of the *certiorari*.